# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

35 553
29ap571

GALEN W. LOVATT, Respondent, v. ELLEN F. WATSON
AND OTHERS, Appellants.

*Practice — no new note of issue need be filed after a supplemental complaint has
been served — an order of the court should be reduced to writing.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action at a Special Term.

This action was brought to enforce the specific performance of a contract of lease, and to restrain the defendants from removing the plaintiff by a summary proceeding under the statute in such case made and provided. The defendants rented to the plaintiff two rooms of the premises 42 East Nineteenth street on the 13th of October, 1881, for a term commencing on the eighteenth of that month, at a rental of twenty-five dollars per month, the term to end on the 1st of May, 1883, and also agreed to rent to the plaintiff a certain front office in the premises in addition thereto, on the 1st of May, 1882, at a rent which would make a total for all of fifteen dollars per week for the balance of the term, three rooms thus being taken altogether. On the 1st of May, 1882, the defendants commenced proceedings to eject the plaintiff from the two rooms rented, on the ground that his term had expired. On the fourth of May the proceeding was tried in the District Court and resulted in a judgment for the landlords, the present defendants, the justice presiding leaving it to the jury to determine whether the plaintiff's term had expired or not, and to construe the agreement between the parties which was in writing. Before the warrant of ouster could be enforced, this action was brought and a preliminary injunction obtained restraining the defendants from removing the plaintiff from the premises mentioned. The injunction was dissolved, however, on the 10th of May, 1882, and on the twelfth of May the plaintiff was ejected from the premises.

The plaintiff appealed to the General Term of the Court of Common Pleas from the order and judgment of ouster, in the District Court, and on the 21st of November, 1882, secured a reversal, that court holding that the plaintiff's term would not expire until May, 1883, and that the proceedings by which he was evicted, while properly commenced, should have been dismissed by the justice. Thereafter, by leave of the Supreme Court, and on January 8, 1883, the plaintiff filed a supplemental complaint setting up the eviction and reversal, to which the defendants interposed an answer setting up various matters, to some extent involving the issues presented in the proceedings before the District Court and considered by the Court of Common Pleas.

The court at General Term, after holding that the plaintiff was rightly awarded a judgment upon the merits, said : " The appellants also appeal from what is called by their counsel an interlocutory order, and which was made under peculiar circumstances. It appears that an inquest was taken in this case by the plaintiff and an application made on behalf of the defendants to set it aside. The motion was granted on terms. The appellants' counsel not being satisfied, and assuming that a point he made had been overlooked by the learned justice who decided the motion, and which was that the plaintiff had neglected to file with the clerk a note of issue after service of a supplemental complaint and answer, renewed the application ; and upon this second application the learned justice held that if the justice holding Special Term should adjudge that the plaintiff was not entitled to try his cause for the reason that no new notice of trial had been served, the costs provided for in his previous order should be refunded and the order awarding them vacated. The justice presiding at the trial term, on being advised of the facts, expressed the opinion that in the case of an amended complaint after a note of issue had been filed it was necessary for the plaintiff to file another, but that it was not requisite in the case of a supplemental complaint and determined that the trial of the action should be proceeded with.

" From this opinion thus expressed and the direction thus given the defendants appeal and now urge the point already stated, namely, that after the service of a supplemental complaint a new note of issue and notice of trial was necessary to enable the plaintiff

to proceed, and that they were therefore entitled to an order setting aside the inquest on the ground that the plaintiff was not in a position to proceed at the time he did so, by reason of the omission to serve a new notice of trial and file a new note of issue founded upon the supplementary pleadings.

"This view is erroneous. A supplemental complaint under the Code is not a substitute for the original complaint, but a further complaint, and assumes that the original complaint is to stand. This is the view entertained under section 177 of the Code of Procedure. (See 2 Wait's Pr., 472, where the cases are collected.) It is there stated to have been the rule that unless the court compel the party applying for leave to file a supplemental pleading to elect to substitute it in place of the previous one, both pleadings will remain. (See cases cited.) Under section 544 of the Code of Civil Procedure the same rule applies. That section declares that upon the application of either party the court may, and in a proper case must, upon such terms as are just, permit him to make a supplemental complaint, answer or reply, alleging the material facts which occurred after his former pleading and of which he was ignorant when made, including the judgment or decree of a competent court, rendered after the commencement of the action, determining the matters in controversy or a part thereof. The supplemental complaint in this action simply set up the reversal of the judgment rendered in the District Court in the summary proceedings adopted by the defendants. And the Code further provides that the appellant can apply for leave to make a supplemental pleading either in addition to or in place of the former pleading. The application here was "in addition to," and the form of the supplemental complaint shows that it was sought in that respect and that only. And it is further provided, when the application is in addition to the original pleading, if the application is granted, a provisional remedy or other proceedings taken in the action is not effected by the supplemental pleading. It is clear, therefore, that there was no necessity, as declared by the learned judge at the Special Term, to file either a note of issue or to serve a new notice of trial. In addition to this, it must be noted that the application to set aside the inquest was not based upon the charge that it had been irregulary obtained. It was addressed to the discretion or favor of the court,

although the point about the omission to serve notice of trial and to file a note of issue was subsequently considered and disposed of, at the urgent solicitation of the defendants' counsel.

And it must be also noted, that whether the direction appealed from is an order, to say the least, is very doubtful. Section 767 of the Code provides that a direction of a court or judge made as prescribed in the act in an action or special proceeding must be in writing, unless otherwise specified in the particular case, and that unless contained in the judgment it is an order. No order or direction appears to have been made in writing, the decision of the judge merely was announced and the announcement entered on the record. But the appellants have been given the benefit of the assumption that it was an order notwithstanding the doubt."

*A. B. Conger*, for the appellants.

*Edward P. Wilder*, for the respondent.

Opinion by BRADY, P. J.; DANIELS, J., concurred.

Judgment and order affirmed, with costs of appeal only.